1  RANDALL S. FARRIMOND (CSB #095281)
   FARRIMOND LAW OFFICES,
2  a Professional Corporation
   44 Montgomery Street, Suite 3850
3  San Francisco, CA 94104
   Telephone: 415-362-4900
4  Facsimile: 415-362-4901
   rfarrimond@farrimondlaw.com
5
   Attorneys for Plaintiff
6  BITTEL TECHNOLOGY, INC,

E-filing

FILED
2010 FEB 19 P 2: 03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HRL

| | |
|---|---|
| BITTEL TECHNOLOGY, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>BITTEL USA INC., a California corporation<br><br>Defendant | Case No.: CV 10 0719<br><br>COMPLAINT FOR LANHAM ACT TRADEMARK INFRINGEMENT, DECLARATORY RELIEF & INJUNCTIVE RELIEF |

Plaintiff BITTEL TECHNOLOGY, INC., a California Corporation ("Bittel Technology"), doing business as Bittel Americas, alleges as follows:

## JURISDICTION

1. Bittel Technology is a corporation in good standing organized under the laws of the State of California with its primary business operations in counties within the Northern District of California.

2. Defendant BITTEL USA INC, ("Bittel USA") is a corporation organized under the laws of the State of California that has conducted business in and, plaintiff is informed and believes, is continuing to conduct business in the Northern District of California and throughout the State of California.

3. This action arises under the federal Lanham Act and is based in substantial part upon the continued infringement by Bittel USA of the "Bittel" trademark and related unfair competition by Bittel

COMPLAINT OF BITTEL TECHNOLOGY, INC., No.                                                                                    - 1

1  USA. Therefore this Court has federal question jurisdiction under subsections (a) and (b) of section
2  1338 of Title 28 of the United States Code.

### VENUE

4. The Northern District of California is an appropriate venue for this action because Defendant Bittel USA has conducted business within the Northern District of California, has "minimum contacts" with the Northern District of California, and therefore resides in the Northern District of California under subsections (b) (1) and (c) of section 1391 of Title 28 of the United States Code. Moreover, the Northern District of California is a judicial district in which a substantial part of the events or omissions giving rise to the claims herein occurred, and where a substantial part of the property that is the subject of the action is situated. Therefore venue is proper in the United States District Court for the Northern District of California pursuant to subsection (b)(2) of section 1391 of Title 28 of the United States Code.

### INTRADISTRICT ASSIGNMENT

5. This action arises out of infringement of the "Bittel" trademark and interference with the Bittel Technology business operations by Bittel USA which has taken place, in part, in San Francisco County and other counties of the San Francisco division of the Northern District of California. Therefore this matter arises in the San Francisco Division under Northern District of California Local Rule 3-2 and may properly be assigned to the San Francisco Division of this Court.

### GENERAL ALLEGATIONS

6. Bittel Technology is informed and believes and on that basis alleges that Shandong Bittel Electronics Co. Ltd. ("SBE") is a corporation organized under the laws of China that manufactures telephones and related products designed primarily for use in the worldwide hotel and hospitality market that are sold under the "Bittel" trademark.

7. Bittel Technology is informed and believes, and on that basis alleges, that SBE entered into an agreement with Shandong UNO Communication Technology Ltd. ("SUCT"), also a corporation organized under the laws of China, that provides SUCT with the right to use or license for use the "Bittel" trademark and to distribute or license for distribution Bittel telephones and related products branded with the "Bittel" trademark in all markets worldwide outside of China.

8. Bittel Technology entered into an agreement with SUCT giving Bittel Technology the exclusive right in North America, South America, Central America and the Caribbean, to use the "Bittel" trademark and to sell telephones and related products manufactured by SBE and branded with the Bittel trademark. Pursuant to this agreement, Bittel Technology, doing business as Bittel Americas, has started a telephone sales and distribution company with operations in the Northern District of California. Bittel Techology is actively marketing Bittel telephone products and has made sales of Bittel telephone products pursuant to its exclusive rights under this agreement.

9. Bittel Technology is informed and believes and upon that basis alleges that at one time defendant Bittel USA had its own contract with SBE that permitted Bittel USA to use the Bittel trademark and to distribute Bittel telephone products in the United States. Bittel Technology is further informed and believes that Bittel USA terminated its contract with SBE on or about August or September of 2009, and that as a result of this termination Bittel USA no longer has rights in the Bittel trademark or rights to market or distribute Bittel products manufactured by SBE in the United States or elsewhere.

10. Bittel Technology is informed and believes that despite the termination by Bittel USA of its contract with SBE, Bittel USA continues to maintain that Bittel USA has the exclusive right to market and to distribute Bittel telephones and related products in the United States. Bittel USA appears to maintain a website at www.bittelusa.com and related web pages at which it prominently displays the "Bittel" trademark, states that it is the "sole sales and marketing channel in the US" and which offers potential customers a brochure describing the services that Bittel USA can provide with respect to Bittel telephone products.

11. Bittel USA's conduct is likely to harm and has harmed Bittel Technology by creating confusion among the customers and potential customers of Bittel Technologies, by diminishing the value of the Bittel trademark, by diminishing the reputation of Bittel products, and by suggesting to actual and potential customers that the company authorized to sell Bittel products is not stable, is not reliable, and could be involved in a dispute that might hinder the ability of Bittel Technology to sell or to service Bittel products in the future.

/

### FIRST CLAIM FOR VIOLATION OF LANHAM ACT

12. Bittel Technology incorporates by reference each and every preceding allegation of this complaint.

13. The conduct of Bittel USA set forth herein falsely suggests to customers, potential customers and others that Bittel USA continues to have the right to use the Bittel trademark, has the sole right to market Bittel products in the United States, and that the right of Bittel Technology to use the Bittel trademark and to market and distribute Bittel telephones is in doubt. Bittel Technology believes that the confusion and deception this causes has damaged and is likely to continue to damage Bittel Technology under section 1125 of Title 15 of the United States Code.

14. In addition, Bittel Technology is informed and believes and on that basis alleges that Bittel USA has sought to profit from such conduct and has so profited. Bittel Technology seeks to recover both its damages and the profits realized by Bittel USA, pursuant to section 1117 of Title 15 of the United States Code.

### SECOND CLAIM FOR DECLARATORY RELIEF

15. Bittel Technology incorporates by reference each and every preceding allegation of this complaint.

16. There is a continuing controversy as to whether or not Bittel USA has the right to use the "Bittel" trademark and to market and distribute Bittel products in North America in violation of the exclusive right of Bittel Technology to use the Bittel trademark and to market and distribute such products in North America and elsewhere.

17. Bittell Technology requests this Court to declare that Bittel USA does not have the right to use the "Bittel" trademark, that Bittel USA does not have the right to sell, market or distribute Bittel telephones or other Bittel products in North America, South America, Central America or the Carribbean, and that Bittel Technology possesses all such rights.

### THIRD CLAIM FOR INJUNCTIVE RELIEF

18. Bittel Technology incorporates by reference each and every preceding allegation of this complaint.

COMPLAINT OF BITTEL TECHNOLOGY, INC., No.                                                          - 4

19. The conduct of Bittel USA set forth herein if permitted to continue will irreparably harm Bittel Technology by, *inter alia*, damaging the reputation of Bittel Technology and the Bittel telephones and related products it sells in a manner and an amount which cannot be easily calculated and which cannot be adequately compensated by an award of monetary damages. Therefore Bittel Technology requests this Court to enter temporary, preliminary and permanent injunctive relief to prevent Bittel USA from continuing to use the Bittel trademark and from continuing to represent that it holds either the exclusive or the non-exclusive right to market, sell or distribute Bittel telephones and related products in North America.

## PRAYER

THEREFORE, plaintiff Bittel Technology, Inc. prays for relief as follows:

1. Judgment against defendant Bittel USA and in favor of Bittel Technology under section 1117 of Title 15 of the United States Code for up to three times the actual damages caused by the conduct of Bittel USA, as well as up to three times the profits realized by Bittel USA as may be proved at trial or other proceedings in this matter, in a total amount in excess of $75,000;

2. A declaratory judgment that Bittel USA does not have the right to use the Bittel trademark and that Bittel USA does not have the right to market Bittel telephones and related products in North America, Central America, South America, or the Carribbean.

3. For temporary, preliminary and permanent injunctive relief to require Bittel USA to immediately cease using the Bittel trademark, cease marketing and distributing Bittel products in any area in which it would conflict with the exclusive right of Bittel Technology to do so, and cease representing that anyone other than Bittel Technology has the right to use the Bittel trademark or to sell, market or distribute Bittel branded telephones and related products in North America.

4. For reasonable attorneys fees, expenses and costs of suit;

/
/
/
/
/

COMPLAINT OF BITTEL TECHNOLOGY, INC., No.                                                       - 5

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

This 18th day of February, 2010

FARRIMOND LAW OFFICES,
a Professional Corporation

*[signature]*

RANDALL S. FARRIMOND
Attorneys for Plaintiff
BITTEL TECHNOLOGY, INC.