\*\* E-filed August 13, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BITTEL TECHNOLOGY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BITTEL USA, INC., a California Corporation,<br><br>Defendant.<br><br>And Related Counterclaim and Third Party Complaint | No. C10-00719 HRL<br><br>**ORDER (1) GRANTING THIRD PARTY DEFENDANT SBE'S MOTION TO DISMISS, (2) GRANTING PLAINTIFF BITTEL TECHNOLOGY'S MOTION TO DISMISS, (3) DENYING THIRD PARTY DEFENDANT DEAN COMPOGINIS'S MOTION TO DISMISS, AND (4) GRANTING DEFENDANT BITTEL USA'S REQUEST FOR JUDICIAL NOTICE**<br><br>**[Re: Docket Nos. 23, 26, 27, and 35]** |

This case involves the use of the BITTEL mark by several different parties. Plaintiff Bittel Technology, Inc. ("Bittel Technology") filed a complaint in February 2010 against defendant Bittel USA, Inc. ("Bittel USA") alleging trademark infringement under the Lanham Act and seeking declaratory and injunctive relief. (Docket No. 1.)

Bittel USA (1) counterclaimed against Bittel Technology alleging unjust enrichment and for attorneys' fees under the Lanham Act (Docket No. 5 ("Counterclaim")), and (2), along with fellow third party plaintiff Lennart Thornros ("Thornros") (collectively, "Third Party Plaintiffs"), filed a third party complaint against Shandong Bittel Electronics Company, Ltd. ("SBE") and individual

Dean Compoginis ("Compoginis") (collectively, "Third Party Defendants"), alleging fourteen causes of action (Docket No. 14 ("Third Party Complaint")).

Bittel Technology and Third Party Defendants filed motions to dismiss. Specifically:

(1) SBE moves to dismiss the Third Party Complaint in its entirety for improper service and lack of personal jurisdiction, and/or to dismiss the first, third, and seventh causes of action for failure to plead with particularity (Docket No. 23 ("SBE Motion"));

(2) Bittel Technology moves to dismiss Bittel USA's first counterclaim alleging unjust enrichment (Docket No. 26 ("Bittel Technology Motion")); and

(3) Compoginis moves to dismiss the twelfth claim for relief in Third Party Complaint for failure to plead with particularity (Docket No. 27 ("Compoginis Motion")).[1]

## BACKGROUND

SBE is a foreign corporation with its principal place of business in China. It manufactures telephones and related products that are primarily sold in the worldwide hotel and hospitality markets under the BITTEL trademark. Thornros previous owned a company called Contact LLC ("Contact"), which marketed and distributed telecommunications products to the hospitality industry in the United States.

In late 2006, SBE and Thornros entered negotiations to, as Thornros alleges, develop SBE's BITTEL brand in the United States. In January 2007, the two parties signed a Letter of Intent to create a joint venture named Bittel USA to do so. Shortly thereafter, in February 2007, Thornros and SBE entered into an Agency-Sales Representation Agreement ("the Sales Agreement") and a Shareholders Agreement, whereby Thornros and SBE shared ownership (95% and 5%, respectively) of newly-created Bittel USA. Pursuant to the Sales Agreement, Bittel USA was to have the exclusive right to market, distribute, and sell SBE's products in the United States.

Bittel USA claims that SBE subsequently provided defective products and failed to perform under the Sales Agreement. It also claims that SBE breached the Sales Agreement when SBE

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. (Docket Nos. 18 & 21.)

2

entered into an agreement appointing Compoginis as its Chief Marketing Officer and gave *him* the exclusive right to sell and market its products in the United States.

At some point thereafter, SBE entered into an agreement with Shandong UNO Communication Technology Ltd. ("SUCT") whereby SUCT gained the right to use or license the BITTEL mark outside of China. Bittel Technology, yet another company and of which Compoginis may now be an employee, then entered into an agreement with SUCT which gave *it* the exclusive right to use sell SBE's products with the BITTEL mark in the United States. As such, Bittel Technology, d/b/a Bittel Americas, has started a telephone sales and distribution company with operations in California.

Bittel Technology then filed the instant law suit against Bittel USA for marketing and distributing products under the BITTEL trademark in violation of Bittel Technology's supposed exclusive agreement to sell and market SBE's products under the BITTEL mark.

## LEGAL STANDARDS

A. <u>Motion to Dismiss for Insufficient Service of Process</u>

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Insufficient service can result in dismissal. FED. R. CIV. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Fed.R.Civ.P.] 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

B. <u>Federal Rule of Civil Procedure 9(b)</u>

A "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Allegations under Rule 9(b) must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (quoting *Bly-Magee v.*

*California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Moreover, "[i]t is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003).

## DISCUSSION

A. SBE's Motion to Dismiss Third Party Complaint

SBE moves to dismiss the Third Party Complaint in its entirety on the grounds that (1) it has not been validly served with the Third Party Complaint; and (2) the Court lacks personal jurisdiction over it.  Alternatively, SBE moves to dismiss the first, third, seventh, and eighth causes of action because they are not pled with particularity as required by Rule 9(b).

1. Service of Process

Rule 4(h) describes the procedure for service of process of foreign corporations.  FED. R. CIV. P. 4(h).  Service of a foreign corporation is valid in a judicial district of the United States may be done in two ways.[2]  First, it may be accomplished in the manner prescribed by Rule 4(e)(1) for serving an individual.  FED. R. CIV. P. 4(h)(1)(A).  Rule 4(e)(1) explains that process may be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[3]  FED. R. CIV. P. 4(e)(1).

Second, service may be accomplished by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(B).  But in this Circuit, "service of

---

[2] If a foreign corporation is served outside of a district of the United States, Rule 4(h)(2) directs that service be made pursuant to Rule 4(f), which in turn allows for service outside of a judicial district of the United States "by any international agreed means of service that is reasonably calculated to give notice," such as Hague Convention. FED. R. CIV. P. 4(f). Not surprisingly, as the United States and China are both signatories to the Hague Convention, SBE contends that service of process must be made in that manner. (SBE Motion at 9-10.)

[3] The California Code of Civil Procedure provides that process may be served on a corporation "by delivering a copy of the summons and the complaint . . . [t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or person authorized by the corporation to receive service of process." CAL. CIV. PROC. CODE § 416.10(b). And a "general manager" has been interpreted to include "any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Gibble v. Car-Lene Research, Inc.*, 67 Cal.App.4th 295, 78 Cal.Rptr.2d 892 (Cal.Ct.App. 1998) (quoting *Eclipse Fuel Engineering Co. v. Superior Court*, 148 Cal.App.2d 736, 745-46, 307 P.2d 739 (1957)).

4

1  process is not limited solely to officially designated officers, managing agents, or agents appointed
2  by law for the receipt of process." *Direct Mail Specialists v. Eclat Computerized Technologies,*
3  *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Indeed, service may be made "'upon a representative so
4  integrated with the organization that he will know what to do with the papers.'" *Id.* (citing *Top*
5  *Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251
6  (S.D.N.Y. 1977)). As such, "'service is sufficient when made upon an individual who stands in
7  such a position as to render it fair, reasonable and just to imply the authority on his part to receive
8  service.'" *Id.*

9  On or about April 2, 2010, Third Party Plaintiffs purportedly served SBE by serving a
10 summons on Compoginis at his home in Aptos, California. (SBE Motion at 8; Docket No. 11
11 (Proof of Service).) SBE states that Compoginis was never an officer, director, or managing agent
12 of SBE. (SBE Motion at 8-9.) It also states that Compoginis resigned from SBE in March 2010,
13 and so argues that he was not (nor was he ever) authorized to accept service on its behalf as he was
14 no longer an employee of the company. (*Id.*; Docket No. 39 ("Reply") at 2.) Indeed, Compoginis
15 himself states that he was only an employee of SBE from June to September 2009. (Docket No. 25
16 ("Compoginis Decl."), ¶¶ 2 & 4.) And although it does appear that Compoginis was an employee of
17 Bittel Technology when he was served, SBE considers this to be irrelevant. (Reply at 4.)

18 In its opposition, Third Party Plaintiffs contend that Compoginis is "an individual whom
19 SBE continues to identify as its Chief Marketing Officer and has described as being responsible for
20 new products development, various marketing plans, implementing global markets, branding build,
21 and brochure and website design." (Docket No. 32 ("Opp'n") at 16.) As such, Third Party
22 Plaintiffs argue that Compoginis was properly served as an "officer" or "general agent" of SBE. (*Id*.
23 at 16-17.) But, as SBE points out, this information is based on out-of-date press releases from 2009
24 and websites for Bittel Technology and Bittel Electronics (EU), Ltd. and not SBE, and that
25 Compoginis was not an employee — let alone an officer — of SBE when he was served in April
26 2010. (Reply at 2-4 (referring to Docket No. 33 ("Waggener Decl."), ¶¶ 6 & 7 and Exs. 3 & 4).)

27 Third Party Plaintiffs also argue that they properly served Compoginis as a "representative"
28 of SBE who was sufficiently integrated within SBE that he knew what to do with the papers.

5

(Opp'n at 17.) However, the cases they cite in support involve situations where the person served was an employee of the defendant at the time of service. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988) (individual served was current employee of company); *Bender v. Nat. Semiconductor Corp*., No. C 09-01151 JSW, 2009 WL 2912522, at *2-3 (N.D. Cal. Sep. 9, 2009) (same).

Third Party Plaintiffs further argue that service on Compoginis was proper because he possessed the "ostensible authority to receive service." (Opp'n at 17.) They state that "SBE's argument that service of process is defective because [Compoginis] 'no longer worked for SBE at the time he received service' is both legally flawed and disingenuous" because SBE's website currently identifies him as the Chief Marketing Officer and his terms of employment require him to serve three years in that position. (*Id*. at 18.) Because "SBE has clearly held Compoginis out to [Bittel USA] and the public at large as it's [sic] [Chief Marketing Officer]," it has "imbu[ed] him with the implied authority to receive service." (*Id*.)

Third Party Plaintiffs cite a case in which the Supreme Court of California held that the defendant corporation, by (erroneously) representing that an individual designated in a stock permit application was its secretary-treasurer, had conferred on him ostensible authority to accept service on the corporation's behalf. *See Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 783 (1973). In that case, though, the court relied on several facts to support the idea that process was valid, such as that the individual (who was actually a director of the corporation) said nothing to the process server and that the true secretary-treasurer and the other directors took no steps to contest the action. *Id*. at 776. The court also determined that the plaintiff's counsel could reasonably rely on a list of officers prepared by the defendant corporation which bore no indicia of error or mistake to find someone on whom to serve process. *Id*. at 781.

This case is different. First, the information about Compoginis comes from outdated press releases and websites of companies other than SBE, sources that are not as reliable as a document filed with the Commission of Corporations as in *Pasadena Medi-Center*. Second, the individual served in *Pasadena Medi-Center*, while not the secretary-treasurer, was nevertheless a director of the company. Here, Compoginis no longer worked for SBE when he was served with process.

6

In sum, Third Party Plaintiffs' arguments all rely on authority where the person served was either still an employee of, or closely-related to, the corporation being served. Based on the information before the Court, Compoginis was neither. Thus, the Court will grant SBE's motion and dismiss without prejudice the Third Party Complaint for insufficient service of process.

2. Lack of Personal Jurisdiction and Failure to Plead with Particularity

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S.Ct. 1322 143 L.Ed.2d 448 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Accordingly, because the Court will dismiss the Third Party Complaint as to SBE for insufficient service of process, the Court will deny as moot SBE's motion with respect to its arguments regarding the lack of personal jurisdiction and the failure to plead with particularity. *See*, *e.g*., *Chiron Corp. v. Grossman*, No. C 97-0487 CRB, 1998 WL 456289 (N.D. Cal. July 30, 1998) (dismissing without prejudice plaintiffs' complaint for defects of process and so did not address the personal jurisdiction issue); *see also Dodco, Inc. v. Amer. Bonding Co*., 7 F.3d 1387, 1388-89 (8th Cir. 1993) (judgment vacated for lack of jurisdiction when service made on agent not authorized to accept service for defendant).

B. Bittel Technology's Motion to Dismiss First Counterclaim

Bittel USA alleges that Compoginis and SBE "have an ownership or controlling interest in Bittel Technology," which "was formed solely to replace [Bittel USA] under the [Sales] Agreement . . . ." (Counterclaim, ¶ 34.) The gist of Bittel USA's first counterclaim, then, is that Bittel Technology was unjustly enriched when SBE failed to comply with the terms of the Sales Agreement, made misrepresentations concerning its performance thereunder, and then utilized Bittel

USA's promotional accounts, work product, customer accounts, assets and proprietary information to the benefit of Bittel Technology.  (*Id.*, ¶¶ 11-36.)

In order to state a claim for unjust enrichment, a plaintiff must allege that the defendant received a benefit that was unjustly retained at the expense of another.  *Lechtrodryer v. Seoul Bank*, 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881 (Cal.Ct.App. 2000).  "Ordinarily, a plaintiff must show that the benefit was conferred on the defendant through mistake, fraud or coercion."  *Brittain v. IndyMac Bank*, No. C-09-2953 SC, FSB2009 WL 2997394, at *5 (N.D. Cal. Sep. 16, 2009) (citing *Nebbi Bros., Inc. v. Home Federal Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1422, 253 Cal.Rptr. 289 (Ct. App. 1988)).  Bittel USA has not alleged that Bittel Technology was unjustly enriched as a result of mistake or coercion, so the only basis for its unjust enrichment claim is fraud, and, despite its argument to the contrary, it is thus subject to Rule 9(b)'s particularity requirement. *See*, *e.g.*, *In re Actimmune Marketing Litigation*, No. C 08-02376 MHP, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009) (where unjust enrichment claim is founded on fraudulent conduct, pleadings must meet Rule 9(b)'s requirements); *Ramapo Land Co., Inc. v. Consolidated Rail Corp.,* 918 F.Supp. 123, 128 (S.D.N.Y.1996) (same).

Bittel USA alleges that it took actions in reliance on SBE's representations and based on the Sales Agreement.  (Counterclaim, ¶ 18.)  It also alleges that SBE made "false representations" that it would "reimburse [Bittel USA] for its costs and damages relating to [] defective products" but failed to do so, that it would "replace the defective products" but failed to do so, and had "obtained necessary regulatory approval for the sale of its products in the United States when it in fact had not."  (*Id.*, ¶ 19(c)-(d).)

This is a close call.  Although Bittel USA certainly alleges the basic substance of the misrepresentations, it is nevertheless unclear when, where, how, or by whom these misrepresentations were made.  For instance, the allegations do not state whether these misrepresentations were made during the negotiations related to the Sales Agreement or sometime thereafter, whether they were oral or written, or whether they were made in China or the United States.  Given these holes, the claim is just not quite "specific enough to give [Bittel Technology] notice of the particular misconduct . . . so that [it] can defend against the charge and not just deny

that [it has] done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d at 764 (internal quotation marks and citation omitted). Accordingly, the Court will dismiss without prejudice Bittel USA's first counterclaim against Bittel Technology.

C. <u>Compoginis's Motion to Dismiss (or Strike) Twelfth Claim for Relief in Third Party Complaint</u>

Compoginis moves to dismiss the twelfth cause of action in the third party complaint, which alleges civil conspiracy. (Third Party Complaint, ¶¶ 138-145.) Compoginis makes two arguments in this regard: (1) it is Compoginis, and not some other co-conspirator, who is alleged to have committed the conduct for which the conspiracy was formed, and so a conspiracy claim cannot apply to him; and (2) the only other co-conspirator alleged is SBE, Compoginis's one-time employer, and SBE cannot conspire with itself. (Compoginis Motion at 2-3.)

Compoginis's first argument is clearly without merit. Compoginis cites cases which quote language from a leading California treatise explaining that "there is no separate tort of civil conspiracy, and there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results therefrom." (Compoginis Motion at 2.) But the language he cites speaks to situations where civil conspiracy claims were dismissed because the other claims for the underlying wrongful acts were also dismissed — that is, if there is no underlying tort, there is no conspiracy claim either. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203 (9th Cir. 1991); *Kerr v. Rose*, 216 Cal.App.3d 1551, 265 Cal.Rptr. 597 (Cal.Ct.App. 1990).

Here, though, claims for the allegedly tortious conduct underlying the civil conspiracy claim (namely, causes of action nine through eleven for inducing breach of contract, interference with contractual relations and interference with prospective economic advantage) have been alleged and are not subject of any motion to dismiss. The twelfth cause of action cannot be dismissed (or stricken as redundant) on this basis.[4]

---

[4] Compoginis also moves under Rule 12(f) to strike the twelfth cause of action because it is "completely redundant" in light of ninth and tenth causes of action (inducing breach of contract and interference with contractual relations). However, as described above, a civil conspiracy claim may lie when underlying wrongful acts are alleged to have been done. As such, the cause of action is not redundant and will not be stricken.

9

1    Compoginis's second argument also fails.  The Third Party Complaint alleges that "in or
2  about February 2009," Compoginis and others (including SBE) agreed and conspired to induce
3  breach of the Sales Agreement and to interfere with the "contractual relations" between SBE and
4  Bittel USA and the "economic advantages" flowing to Bittel USA from the Sales Agreement.
5  (Third Party Complaint, ¶¶ 141 & 143.)

6    Compoginis states that SBE is the only alleged co-conspirator in the Third Party Complaint.
7  (Compoginis Motion at 3.)  He thus argues that because he was an employee (and thus an agent) of
8  SBE, and because it is well-settled that SBE, as a party to the Sales Agreement, cannot conspire
9  with itself to breach its own Sales Agreement or to interfere with its own contractual relations, there
10  is no valid conspiracy claim.  *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th
11  503, 514, 28 Cal.Rptr.2d 475 (1994) ("Because a party to a contract owes no tort duty to refrain
12  from interference with its performance, he or she cannot be bootstrapped into tort liability by the
13  pejorative plea of conspiracy."); *Kerr v. Rose*, 216 Cal.App.3d at 1564 ("A corporation cannot
14  conspire with itself any more than a private individual can, and it is the general rule that the acts of
15  the agent are the acts of the corporation.") (internal quotation marks and citation omitted).

16    The problem with this is that Compoginis apparently was only an employee of SBE starting
17  in June 2009 (Third Party Complaint, ¶ 23(i); Compoginis Decl., ¶¶ 2 & 4), months after the
18  conspiracy is alleged to have begun or taken place in February (Third Party Complaint, ¶¶ 141-42.)
19  So, because SBE would not have been conspiring with itself during February, Compoginis's
20  argument fails.  Thus, Compoginis's motion to dismiss will be denied.

21    D.  <u>Bittel USA. and Thornros's Request for Judicial Notice</u>

22    Third Party Plaintiff filed a request for the Court to judicially notice a copy of a complaint
23  for patent infringement filed in December 2007 by plaintiff Scitec, Inc. against Bittel USA in the
24  Eastern District of California.  Because this is a matter of public record and its accuracy is not
25  questioned, the Court will take judicial notice of it.  FED. R. EVID. 201(b); *In re Creekside
26  Vineyards, Inc.*, No. CIV. 2:09-2273 WBS EFB, 2009 WL 3378989, at *1 n.1 (E.D. Cal. Oct. 19,
27  2009) (judicially noticing court documents from previous litigation where the accuracy of the
28  documents could not be questioned).

**CONCLUSION**

Based on the foregoing, the Court:

(1) GRANTS SBE's motion to dismiss for insufficient service of process and DISMISSES WITHOUT PREJUDICE the Third Party Complaint as to SBE;

(2) DENIES AS MOOT SBE's motion to dismiss for lack of personal jurisdiction and failure to plead with particularity;

(3) GRANTS Bittel Technology's motion to dismiss and DISMISSES WITHOUT PREJUDICE Bittel USA's first counterclaim for unjust enrichment;

(4) DENIES Compoginis's motion to dismiss the twelfth claim for relief in the Third Party Complaint; and

(5) GRANTS Third Party Plaintiffs' request for judicial notice.

Third Party Plaintiffs and Bittel USA may file amended pleadings within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 13, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-00719 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Edward Charles Duckers | ECDuckers@stoel.com, dmehedinti@stoel.com, eyhecox@stoel.com, htnguyen@stoel.com, mwspeed@stoel.com, srwaggener@stoel.com |
| Michael Barrett Brown | mbbrown@stoel.com, amcunha@stoel.com, cslyle@stoel.com |
| Randall Steven Farrimond | rfarrimond@farrimondlaw.com |

**Notice will be provided by other means to:**

Sigrid R. Waggener
Stoel Rives
500 Capitol mall
Suite 1600
Sacramento, CA 95814

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**