\*\* E-filed February 18, 2011 \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BITTEL TECHNOLOGY, INC.,<br><br>　　　　Plaintiff,<br>　v.<br>BITTEL USA, INC.,<br><br>　　　　Defendant. | No. C10-00719 HRL<br><br>**ORDER DENYING THIRD PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED THIRD PARTY COMPLAINT**<br><br>[Re: Docket No. 63] |
| AND RELATED COUNTERCLAIMS AND THIRD PARTY CLAIMS | |

**BACKGROUND**

A. This Action

This action involves the alleged competing rights to use of the BITTEL mark. Plaintiff Bittel Technology, Inc. ("Bittel Technology") filed a complaint in February 2010 against defendant Bittel USA, Inc. ("Bittel USA") alleging trademark infringement under the Lanham Act and seeking declaratory and injunctive relief. Docket No. 1.

Bittel USA then (1) filed counterclaims against Bittel Technology alleging unjust enrichment and for attorneys' fees under the Lanham Act (Docket No. 5 ("Counterclaim")), and (2), along with fellow third party plaintiff Lennart Thornros ("Thornros") (collectively, "Third Party Plaintiffs"), filed a third party complaint against Shandong Bittel Electronics Company, Ltd. ("SBE") and

individual Dean Compoginis ("Compoginis") (collectively, "Third Party Defendants"), alleging fourteen causes of action (Docket No. 14 ("Third Party Complaint")).

SBE is a foreign corporation with its principal place of business in China. It manufactures telephones and related products that are primarily sold in the worldwide hotel and hospitality markets under the BITTEL trademark. Thornros previous owned a company called Contact LLC, which marketed and distributed telecommunications products to the hospitality industry in the U.S.

In late 2006, SBE and Thornros entered negotiations to, as Thornros alleges, develop SBE's BITTEL brand in the United States. In January 2007, the two parties signed a Letter of Intent to create a joint venture named Bittel USA to do so. The next month, Thornros and SBE entered into an Agency-Sales Representation Agreement ("the Sales Agreement") and a shareholders agreement, whereby Thornros and SBE shared ownership (95% and 5%, respectively) of the newly-created Bittel USA entity. Under the Sales Agreement, Bittel USA was to have the exclusive right to market, distribute, and sell SBE's products in the United States.

Bittel USA claims that SBE subsequently provided defective products and failed to perform it obligations under the Sales Agreement. It also claims that SBE breached the Sales Agreement when SBE entered into an agreement appointing Compoginis as its Chief Marketing Officer and gave *him* the exclusive right to sell and market its products in the United States.

At some point thereafter, SBE entered into an agreement with Shandong UNO Communication Technology Ltd. ("SUCT") whereby SUCT gained the right to use or license the BITTEL mark outside of China. Bittel Technology, yet another company and of which Compoginis is or may have been an employee, then entered into an agreement with SUCT which gave *it* the exclusive right to use sell SBE's products with the BITTEL mark in the United States. As such, Bittel Technology, d/b/a Bittel Americas, has started a telephone sales and distribution company with operations in California.

Bittel Technology then filed this action against Bittel USA for marketing and distributing products under the BITTEL trademark in violation of Bittel Technology's purported exclusive agreement to sell and market SBE's products under the BITTEL mark.

2

1   This Court previously heard several motions to dismiss.  Ruling on the motions, this Court
2   dismissed SBE without prejudice because it had not properly been served and dismissed Bittel
3   USA's fraud-based counterclaim without prejudice for not being pled with particularity.  Docket
4   No. 44.  A First Amended Counterclaim and a Second Amended Third Party Complaint was
5   subsequently filed.  Docket Nos. 48-52.  It appears that Third Party Plaintiffs are still in the process
6   of properly serving SBE through the Hague Convention.

7   B.   Settlement Discussions and the Instant Motion

8   The parties completed an Early Neutral Evaluation on October 22, 2010.  Apparently, it went
9   well and the parties continued further settlement discussions.  The parties possibly came to an
10  agreement, and a formal settlement agreement, which was not signed by any party, was drafted.
11  Bittel USA and Thornros consider the matter to have been settled, but Bittel Technology and
12  Compoginis do not.

13  Now, Bittel USA and Thornros move for leave to amend their Second Amended Third Party
14  Complaint to add a claim against SBE and Compoginis for breach of the purportedly finalized
15  settlement agreement.  Docket No. 63 ("Motion").  Bittel Technology and Compoginis oppose the
16  motion (Docket No. 67 ("Opp'n")), and oral argument was heard on February 1, 2011.

**DISCUSSION**

18  Third Party Plaintiffs' bring their motion to amend their Second Amended Third Party
19  Complaint under Federal Rule of Civil Procedure 15(a).  Motion at 1.  Third Party Defendants argue
20  that this is procedurally improper because all of the facts alleged with respect to this proposed new
21  claim occurred after the filing of the original Third Party Complaint; they say it should have been
22  brought as a motion to file a supplemental pleading under Rule 15(d).  Docket No. 67 ("Opp'n") at
23  5 n.1.

24  A supplemental pleading, as opposed to an amended one, is used to allege relevant facts
25  occurring after the original pleading was filed.  WILLIAM W. SCHWARZER, A. WALLACE TASHIMA, &
26  JAMES M. WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 8:1720 (The Rutter
27  Group 2010) (hereinafter "SCHWARZER, ET AL.") (citing FED. R. CIV. P. 15(d); Keith v. Volpe, 858
28  F.2d 467, 468 (9th Cir. 1988)).  A supplemental pleading, which is designed to bring an action "up

3

to date," is different than an amended pleading, which relates to matters existing when the original complaint was filed. SCHWARZER, ET AL. at § 8:1720. (citing Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992); ConnectU LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008)).

Accordingly, Rule 15(d) provides in part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . ." FED. R. CIV. P. 15(d). While an argument could be made that supplemental pleadings are not the vehicle with which to bring a new claim, "[t]he clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." Keith, 858 F.2d at 473 (citing several cases); see also 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. AND PRO.: CIVIL 3D § 1506 (2010) (hereinafter, "WRIGHT, ET AL.").

Thus, Third Party Defendants are correct: Third Party Plaintiffs should have styled their motion as one for leave to file a Supplemental Third Party Complaint under Rule 15(d) rather than to file a Third Amended Third Party Complaint under Rule 15(a). Regardless, the title of the pleading is immaterial. Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (plaintiff's malicious prosecution claim accrued after the filing of his initial complaint, so Rule 15(d) applied; it was immaterial that plaintiff erroneously characterized his pleading as an amended complaint rather than as a "supplemental complaint") (citing United States v. Reiten, 313 F.2d 673, 674 (9th Cir. 1963)); see also United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th Cir. 1989).

The real question is whether Rule 15(d) allows Third Party Plaintiffs to bring a new claim for breach of the purported settlement agreement. As explained below, the Court thinks not.

The language of Rule 15(d) makes clear that a supplemental pleading may only be filed with leave of the court. See FED. R. CIV. P. 15(d). Absent prejudice to the opposing party, supplemental pleadings are liberally allowed. See Keith, 858 F.2d at 473 ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored.") (citing FED. R. CIV. P. 15, advisory committee's

4

note); see also SCHWARZER, ET AL. at § 8:1750.  However, "[w]hile leave to permit supplemental pleading is 'favored,' . . . it cannot be used to introduce a 'separate, distinct and new cause of action . . . ." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (citing Keith, 858 F.2d at 473; Berssenbrugge v. Luce Mfg. Co., 30 F.Supp. 101, 102 (D. Mo. 1939)).

Here, Third Party Defendants argue that all of the facts underlying this action's existing claims (e.g., those related to the alleged trademark infringement and business deals) and all of the facts related to this new claim for breach of the purported settlement agreement are completely unrelated to each other.  Opp'n at 6-7.  Indeed, Third Party Defendants note that the new claim is a standard breach of contract matter governed by state law and assert that the claim should be filed in state court. Id. at 5.

Although the Court only found one other case where a plaintiff sought to file a supplemental complaint to add a claim for breach of a purported settlement agreement, the situation in that case is nearly identical to the one here. See Johnson v. City of Converse, No. SA-01-CA-0724 IV (NN), 2002 U.S. Dist. LEXIS 25924 (W.D. Tex. Nov. 21, 2002).  In Johnson, the plaintiffs filed an excessive force claim against a municipal defendant under 42 U.S.C. § 1983.  Id. at *2.  After a successful mediation, the parties entered into a proposed settlement agreement.  Id.  Thereafter, the city council objected to one of the terms of the agreement, refused to ratify it, and the proposed settlement fell apart.  Id. at *2-3.  The plaintiffs then moved to file a supplemental complaint to add a breach of contract claim over the proposed settlement agreement.  Id. at *4.  After considering the parties' argument and applicable authority, the court denied the plaintiffs' motion because Rule 15(d) could not be used to introduce a "separate, distinct and new cause of action."  Id. at *5.

At least one other court denied a similar motion.  See Trilithic, Inc. v. Wavetek U.S. Inc., 6 F.Supp. 803, 809 (S.D. Ind. 1998).  There, the plaintiff moved to file a supplemental complaint to add a claim for breach of a non-disclosure agreement entered into by the parties in relation to the plaintiff's underlying patent infringement action.  Id. at 805.  The plaintiff argued that the court should allow the supplemental complaint because of the "loose factual connection" between the breach of contract claim and the underlying action.  Id. at 805-06.  "That connection, according to [the plaintiff] stems from the fact that the parties entered the Non-Disclosure Agreement to facilitate

discussions about a possible settlement of the claims in the underlying complaint. But for the underlying patent dispute, [the plaintiff] contends, there would have been no Non-Disclosure Agreement for [the defendant] to breach." Id. at 806. The court in that case, though, did not agree that Rule 15(d) allowed for this supplemental claim, reasoning that "[t]he mere fact that the parties entered the Non-Disclosure Agreement as a precursor to a possible merger related to settling the patent case does not provide a sufficient connection to the patent infringement claims so as to form part of the same case or controversy. . . . [because] *the factual connection occurs among the background facts, as opposed to the operative facts*." Id. (emphasis added).

This Court believes that the distinction between "background facts" and "operative facts" is a good one, and it agrees with the holding in Johnson that a claim for breach of a settlement agreement is not, on its own, related closely enough to the underlying dispute because it is based on the background facts of the dispute, not the operative ones. Accordingly, the Court finds that Third Party Plaintiffs' proposed breach of contract claim is separate and distinct from the existing claims in this action. That said, whether a party is allowed to add a new claim through a supplemental complaint under Rule 15(d) ultimately is a discretionary matter. In making such a decision, courts consider, among other factors, whether allowing the supplemental complaint would cause undue delay or trial inconvenience or whether the rights of any other parties will be prejudiced. See WRIGHT, ET AL. at § 1504.

On that note, Third Party Defendants argue that they would be prejudiced for two reasons.[1] First, they say they would be prejudiced if evidence regarding the purported settlement and the

---

[1] Third Party Defendants also argue that Third Party Plaintiffs' motion and proposed pleading violates the confidentiality of ADR proceedings because it describes some facts related to the settlement discussions. Opp'n at 3-5. This District's ADR Local Rule 5-12 provides:

> (a) Confidential Treatment. Except as provided in subdivision (b) of this local rule, this court, the evaluator, all counsel and parties, and any other persons attending the ENE session shall treat as "confidential information" <u>the contents of the written ENE Statements</u>, <u>anything that happened or was said, any position taken</u>, and <u>any view of the merits of the case</u> expressed by any participant in connection with any ENE session. "Confidential information" shall not be: (1) disclosed to anyone not involved in the litigation; (2) <u>disclosed to the assigned judge</u>; or (3) used for any purpose, including impeachment, in any pending or future proceeding in this court.

ADR L.R. 5-12(a) (emphasis added). Third Party Plaintiffs respond that no "confidential information," as defined in Rule 5-12(a), was disclosed. "Rather, [the] pleadings merely address the

6

discussions surrounding it were presented to the jury along with the evidence on the other claims in the case. Opp'n at 8. The Court agrees that jurors may find it difficult to discern the reason for which the settlement discussions are being offered, and Third Party Plaintiffs' offer to bifurcate the breach of contract claim does not exactly promote judicial efficiency, "the goal of Rule 15(d)." Planned Parenthood, 130 F.3d at 402 (citing Keith, 858 F.2d at 473).

Second, Third Party Defendants argue that they would be prejudiced because a claim for breach of the purported settlement agreement would make their counsel a potential witness at trial. Opp'n at 9-10. While Third Party Plaintiffs correctly point out that, pursuant to California Rule of Professional Conduct 5-210(C), a client can consent to his counsel serving as both witness and advocate, the situation nevertheless is awkward since Third Party Defendants would be forced to consent or get new counsel.

In sum, Third Party Plaintiffs will not be allowed to file a Supplemental Third Party Complaint to add a claim for breach of the purported settlement agreement because it is a "separate, distinct and new cause of action" that is not related to the operative facts of the underlying dispute, and even if it were, Third Party Defendants would be prejudiced by its addition.[2]

---

fact of the parties' independent negotiations following completion of the ENE session so as to identify the source of what ultimately became the parties' final settlement agreement, *not* the terms of the agreement." Docket No. 69 ("Reply") at 2 (emphasis in original). The Court is not persuaded that Third Party Plaintiffs violated this rule. For instance, how could a court be able to enforce a settlement agreement and hold an evidentiary hearing to determine whether a complete settlement agreement exists (as discussed below) if such information cannot be heard by the presiding judge (in cases where the settlement agreement stems from an ENE session)?

[2] As it noted at oral argument, the Court believes that a motion to enforce the purported settlement agreement is the proper vehicle for Third Party Plaintiffs to have its arguments on this matter heard in federal court. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "However, the district court may only enforce *complete* settlement agreements." Id. (citations omitted) (emphasis in original). "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Id. (citations omitted) (emphasis in original). Since, in this case, there is a dispute as to the existence of a complete settlement agreement, the Court would have to hold an evidentiary hearing. At such a hearing, "[t]he court has power to determine disputed issues of fact relating to the settlement; it can adjudicate the facts relating to the settlement — e.g., whether there was a 'meeting of the minds,' whether the agreement was authorized, whether grounds for rescission exist, etc." SCHWARZER, ET AL. at § 15:148 (citing Chavez v. New Mexico, 397 F.3d 826, 830-31 (10th Cir. 2005)). Moreover, if the court finds that a complete settlement agreement exists, "[t]he court has power to order specific performance of the settlement agreement or to award damages against the party in breach (or to impose sanctions for contempt). Id. at § 15:149 (citing TNT Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986)). An evidentiary hearing avoids the problems of

7

**CONCLUSION**

Based on the foregoing, Third Party Plaintiffs' motion for leave to file a Third Amended Third Party Complaint is DENIED.

**IT IS SO ORDERED.**

Dated: February 18, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

prejudice that Third Party Defendants cite since the Court, not the jury at trial, would decide if an agreement exists or not. It also furthers judicial economy because it allows this Court to hear the dispute and does not require Third Party Plaintiffs to file their breach of contract claim in state court.

8

**C10-00719 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Edward Charles Duckers | ECDuckers@stoel.com, dmehedinti@stoel.com, eyhecox@stoel.com, htnguyen@stoel.com, mwspeed@stoel.com, srwaggener@stoel.com |
| Michael Barrett Brown | mbbrown@stoel.com, amcunha@stoel.com, cslyle@stoel.com |
| Randall Steven Farrimond | rfarrimond@farrimondlaw.com |

**Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Sigrid R. Waggener
Stoel Rives
500 Capitol mall
Suite 1600
Sacramento, CA 95814

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**