RANDALL S. FARRIMOND (CSB #095281)       ** E-filed February 24, 2011 **
FARRIMOND LAW OFFICES,
a Professional Corporation
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: 415-362-4900
Facsimile: 415-362-4901
rfarrimond@farrimondlaw.com

Attorneys for Plaintiff
BITTEL TECHNOLOGY, INC.,
and Third Party defendants
DEAN COMPOGINIS and
SHANDONG BITTEL ELECTRONICS
COMPANY, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BITTEL TECHNOLOGY, INC.,               )
a California corporation               )
                                       )
            Plaintiff,                 )       Case No. C-10-00719 HRL
        vs.                            )
                                       )       STIPULATION TO CONFIRM SETTLEMENT
BITTEL USA INC.,                       )       AND [proposed] ORDER
a California corporation               )
                                       )
            Defendant                  )
                                       )
_____        )
                                       )
And Related Counterclaim and Third Party )
Complaint                              )
                                       )
_____        )

        The parties hereto have entered into a Settlement Agreement and Mutual Release

("Agreement") as of February 7, 2011, a copy of which is attached as Exhibit 1 to the accompanying

[proposed] Order, which will resolve all outstanding disputes among the parties.  Under the terms of

the Agreement, Shandong Bittel Electronics Company, Limited ("SBE"), a Chinese company with its

headquarters in Shandong, China, is required to wire transfer $640,000 to the client trust account of

Stoel Rives LLP for the benefit of defendants and third party plaintiffs Bittel USA Inc. and Lennart

STIPULATION AND ORDER CONFIRMING
SETTLEMENT
**CASE NO. C-10-00719 HRL**

Thornros.  The parties have been advised that in order for SBE to make this wire transfer it must first receive approval from the State Administration of Foreign Exchange, an administrative agency of the People's Republic of China.  The parties have been advised that the State Administration of Foreign Exchange requests an order from this Court confirming the settlement as a condition for approving the wire transfer.  Therefore the parties stipulate to the [proposed] Order attached hereto and respectfully request that it be entered by this Court.

This 21st day of February, 2010                    FARRIMOND LAW OFFICES,
                                                   a Professional Corporation


                                                   _____
                                                                    /s/
                                                   RANDALL S. FARRIMOND
                                                   Attorneys for Plaintiff
                                                   BITTEL TECHNOLOGY, INC,
                                                   & Third Party defendants DEAN
                                                   COMPOGINIS and SHANDONG
                                                   BITTEL ELECTRONICS COMPANY,
                                                   LTD

This 21st day of February, 2010                    STOEL RIVES LLP


                                                   _____
                                                                    /s/
                                                   MICHAEL B. BROWN
                                                   Attorneys for Defendant, Counter-
                                                   Claimant and Third Party Plaintiffs
                                                   BITTEL USA INC. AND LENNART
                                                   THORNROS


ATTESTATION OF SIGNATURE:

       I attest under penalty of perjury under the laws of the United States of America that I have received the concurrence in the filing of this document from the listed signatory as

STIPULATION AND ORDER CONFIRMING
SETTLEMENT
**CASE NO. C-10-00719 HRL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

required by General Order No. 45 (X)(B).

Dated:
February 21, 2011

/s/ Randall S. Farrimond
RANDALL S. FARRIMOND

STIPULATION AND ORDER CONFIRMING
SETTLEMENT
CASE NO. C-10-00719 HRL

RANDALL S. FARRIMOND (CSB #095281)
FARRIMOND LAW OFFICES,
a Professional Corporation
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: 415-362-4900
Facsimile: 415-362-4901
rfarrimond@farrimondlaw.com

Attorneys for Plaintiff
BITTEL TECHNOLOGY, INC.,
and Third Party defendants
DEAN COMPOGINIS and
SHANDONG BITTEL ELECTRONICS
COMPANY, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITTEL TECHNOLOGY, INC.,<br>a California corporation<br><br>             Plaintiff,<br>     vs.<br><br>BITTEL USA INC.,<br>a California corporation<br><br>             Defendant<br><br>_____<br><br>And Related Counterclaim and Third Party<br>Complaint<br>_____ | Case No. C-10-00719 HRL<br><br>[proposed] ORDER CONFIRMING<br>SETTLEMENT_____ |

## **ORDER**

        PURSUANT TO THE STIPULATION AND AGREEMENT OF THE PARTIES, IT IS

HEREBY ORDERED that:

        1.   The Settlement Agreement and Mutual Release ("Agreement") attached hereto as Exhibit

1  1 is approved by the court.

2      2.   Pursuant to the terms of the Agreement and stipulation of the parties, Shandong Bittel

3          Electronics Company, Limited ("SBE") shall pay $640,000 to the Client Trust Account of

4          Stoel Rives LLP, as counsel for Bittel USA, Inc. and Lennart Thornros.  SBE shall make

5          this payment within 14 days of the date of this Order.



9  DATED: _____   February 23, 2011

10  _____
    UNITED STATES DISTRICT COURT
    HOWARD R. LLOYD
11      United States Magistrate Judge

- 2 -

STIPULATION AND ORDER CONFIRMING
SETTLEMENT
Case No. C-10-00719 HRL

EXHIBIT 1

EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made between Lennart Thornros and Bittel USA Inc. ("BUI") (collectively the "BUI parties") on the one hand, and Bittel Technology, Inc., doing business as Bittel Americas ("Bittel Technology"), Dean Compoginis, and Shandong Bittel Electronics Company, Limited ("SBE") (collectively the "Bittel Technology parties") on the other hand, and shall be deemed effective as of February 1, 2011. All of the parties to this agreement are named as parties in the action *Bittel Technology, Inc. v. Bittel USA Inc.*, and related counter-claims and third party claims, pending in the United States District Court for the Northern District of California as Case No. 5:10-CV-0719 HRL, and have disputes reflected in the pleadings filed in this action. The parties wish to resolve all pending, past and future claims between the BUI parties and the Bittel Technology parties on the conditions set forth below:

1. This Agreement represents the compromise of disputed claims and shall not constitute an admission of liability or consent to jurisdiction, except as set forth below, on the part of any party hereto.

2. Inventory: BUI shall keep all stock in inventory, including all of the Bittel telephones and accessories in its possession.

3. Customer files: BUI shall keep all of its files for its customers, dealers, and resellers. The Bittel Technology parties relinquish any rights they may have to such files or the information contained therein.

4. Transition: From the date of receipt by the BUI parties or their counsel of the full agreed sum, the BUI parties shall:

   a. Within thirty days change the company name of BUI to one not using "Bittel."

   b. Within ten days purge the Bittel name from current, live web pages under their control. The BUI parties will make reasonable efforts to accomplish this. If at any time after this ten day period the Bittel Technology parties, or any of them, notify the BUI parties that the "Bittel" name remains on a web page under the control of the BUI parties, then the BUI parties will have five business days within which to purge the Bittel name from such web page.

   c. For a period of 120 days, the BUI parties may continue to use the Bittel name in connection with their efforts to sell the existing stock in inventory of Bittel telephones and accessories currently in their possession and listed on Exhibit A attached hereto. Except for the use of the Bittel name in connection with such efforts for this 120 day period, immediately upon receipt of the full agreed sum, the BUI parties will cease using the Bittel brand name for any other purpose in any advertising, invoices, publicity, commerce or sales of products or services.

5. Tolerated uses: In addition to the uses of the Bittel name authorized above, the BUI parties may also continue to use the Bittel name in offline archives of business records, in



descriptive uses referring to company or personal history, without undue efforts to attract special attention by emphatic use of the brand.

6.  Release by BUI parties:  Except for the obligations set forth in this Agreement, the BUI parties, for themselves, their legal successors and assigns, their officers, directors, agents, attorneys, servants, and employees, and each of them, do hereby release and forever discharge the Bittel Technology parties, their legal successors, predecessors, officers, directors, employees, agents, attorneys, distributors, customers, shareholders, parents, subsidiaries, and affiliates and each of them, of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature, whether now known or unknown, which the BUI parties ever had or now have against them.

7.  Release by Bittel Technology parties:  Except for the obligations set forth in this Agreement, the Bittel Technology parties, for themselves, their legal successors and assigns, their officers, directors, agents, attorneys, servants, and employees, and each of them, do hereby release and forever discharge the BUI parties, their legal successors, predecessors, officers, directors, employees, agents, attorneys, distributors, customers, shareholders, parents, subsidiaries, and affiliates and each of them, of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature, whether now known or unknown, which the Bittel Technology parties ever had or now have against them.

8.  Further Assurances:  Each of the parties hereto shall execute and deliver all such further documents and perform all such further acts as any other party may reasonably request which is necessary to carry into effect the purposes of this Agreement.

9.  WAIVER OF CIVIL CODE SECTION 1542:  EACH OF THE PARTIES HERETO ACKNOWLEDGES THAT HE OR IT HAS BEEN INFORMED BY HIS OR ITS ATTORNEYS OF THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, AND EACH PARTY HERETO DOES HEREBY EXPRESSLY WAIVE AND RELINQUISH ALL RIGHTS WHICH IT MAY HAVE OR MAY HAVE HAD UNDER SAID SECTION, WHICH READS AS FOLLOWS:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

10. The parties hereto acknowledge that they are aware that they may hereafter discover facts or law different from or in addition to those which they know or believe to be true with respect to the subject matter of this Agreement, or that they may have claims which, at the time of the execution of this Agreement, they have no knowledge or suspicion, or that the loss or damage presently known or claimed may be or become greater than they now expect or anticipate.  The parties agree that their releases, when they become effective, shall be, and remain, in effect as to the matters released, notwithstanding such unknown or unanticipated results, or such additional facts or law.

2

11. The parties hereto represent and warrant that they have not previously assigned or transferred or purported to assign or transfer to any person or entity, any claim, demand, damages, debt, liability, action or cause of action released by this Agreement. The parties agree to indemnify and hold harmless each released party against any and all claims, demands, damages, debts, liabilities, actions, expenses, compensation, liens, obligations or causes of action, including attorneys' fees actually paid or incurred, arising out of or in connection with a breach of this warranty.

12. The releases set forth above for the benefit of the Bittel Technology parties are conditional upon receipt by BUI or its counsel of payment in full of the agreed sum.

13. Both the benefits and the burdens of this agreement shall apply to the successors of any party hereto.

14. This Agreement shall be governed by California law without giving effect to conflicts of laws principles.

15. The parties warrant that they are empowered to enter into this Agreement and the individuals signing this Agreement warrant they have authority to bind the parties for which they sign.

16. This Agreement may be executed in counterparts and with fax or scanned email transmission shall be valid as the original, and all parts together constitute the Agreement.

17. The parties declare and represent that no promise, inducement or agreement not expressed by this Agreement has been made to either party, that this Agreement contains the entire agreement between the parties, and that the terms of this Agreement are contractual and not a mere recital. This agreement is final and supersedes all prior written or oral communications or agreements on the matters stated.

18. Within 21 calendar days of the effective date of this Agreement, SBE shall make a payment of $640,000 in U.S. dollars (referred to herein as "the agreed sum"), in available funds net of bank charges, to the BUI parties. SBE shall make this payment by wire transfer into the Client Trust Account of Stoel Rives LLP, counsel for the BUI parties. This payment shall be treated as a payment made on behalf of all the Bittel Technology parties, but if SBE fails to make this payment, the BUI parties shall have no recourse for any portion of this payment against Dean Compoginis or Bittel Technology.

19. The court in this action shall retain jurisdiction to enforce this Agreement, and all parties consent to that jurisdiction for this purpose. SBE does not consent to the jurisdiction of this Court or any other court in the United States for any other purpose. In any action brought solely to enforce this Agreement, the undersigned counsel for SBE is authorized to accept service of process on behalf of SBE. The undersigned counsel for SBE is not authorized to accept service of process on behalf of SBE for any other purpose. The prevailing party in a

3



dispute over this Agreement shall be entitled to recover its attorney's fees and costs incurred in connection with that dispute.

20. The BUI parties shall retain all assets and liabilities of BUI.

IN WITNESS WHEREOF, the parties set their hands below as of the date first set forth above:

BITTEL USA INC.

By: _____
    Lennart Thornros

LENNART THORNROS

_____


APPROVED AS TO FORM:

STOEL RIVES LLP

By: _____
    Edward C. Duckers
    Attorneys for BITTEL USA INC.
    and LENNART THORNROS


BITTEL TECHNOLOGY, INC.

By: _____
    Dean Compoginis

Title: _____

DEAN COMPOGINIS

_____


FARRIMOND LAW OFFICES, a P.C.

By: _____
    Randall S. Farrimond
    Attorneys for BITTEL
    TECHNOLOGY, INC., DEAN
    COMPOGINIS, and SHANDONG
    BITTEL ELECTRONICS
    COMPANY, LIMITED


SHANDONG BITTEL ELECTRONICS COMPANY, LIMITED

By: _____
    Cao Xiangul

Title: GEO & CHAIRMAN

dispute over this Agreement shall be entitled to recover its attorney's fees and costs incurred in connection with that dispute.

29. The BTI parties shall retain all assets and liabilities of BTI.

IN WITNESS WHEREOF, the parties set their hands below as of the date first set forth above.

APPROVED AS TO FORM

BTTEL USA INC.                              STOEL RIVES LLP

By _____                     By _____
    Lennart Thornros                            Edward C. Duckers
                                                Attorneys for BTTEL USA INC.
                                                and LENNART THORNROS
LENNART THORNROS

_____


BTTEL TECHNOLOGY, INC.                      FARRIMOND LAW OFFICES, PC

By _____                     By _____
    Dean Compoginis                             Randall S. Farrimond
                                                Attorneys for BTTEL
Title     CEO                                   TECHNOLOGY, INC., DEAN
                                                COMPOGINIS, and SHANDONG
                                                BTTEL ELECTRONICS
DEAN COMPOGINIS                                 COMPANY, LIMITED


SHANDONG BTTEL ELECTRONICS
COMPANY, LIMITED


By _____
    Cao Xiangun

Title _____

# EXHIBIT A

EXHIBIT A



| Part | Stock Item | In Stock | Staged | On Order | Sold YTD | Stock Item | In Stock | Staged | On Order | Sold YTD | Price | Import cost | Qty | Stock value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 306-83-CTD | No | 8 | 0 | 0 | 0 | No | 2 | 0 | 0 | 0 | 30.4 | 1.85 | 8 | 258 |
| 32A-P | No | 0 | 0 | 500 | 0 | No | 0 | 0 | 250 | 0 | 8.8 | 1.85 | 2 | 21.3 |
| 32A-N | No | 0 | 0 | 30 | 0 | No | 0 | 0 | 30 | 0 | 10 | 1.85 | 0 | 0 |
| 32A-5 | Yes | 316 | 0 | 400 | 77 | No | 1 | 0 | 250 | 1 | 10.9 | 1.85 | 92 | 1173 |
| 32A-5/NDP | No | 4 | 0 | 0 | 1 | No | 6 | 0 | 0 | 371 | 8.3 | 1.85 | 6 | 60.9 |
| 32A-5/P5R | No | 0 | 0 | 0 | 5027 | No | 215 | 0 | 400 | 648 | 12.4 | 1.85 | 4 | 57 |
| 32A-55 | Yes | 42 | 0 | 1300 | 0 | No | 0 | 0 | 0 | 0 | 11.2 | 1.85 | 10 | 130.5 |
| 32A-10 | No | 0 | 0 | 0 | 0 | No | 54 | 0 | 0 | 1 | 10.9 | 1.85 | 0 | 0 |
| 32A-105 | No | 3 | 0 | 0 | 0 | No | 100 | 0 | 0 | 0 | 11.2 | 1.85 | 57 | 743.85 |
| 38-CID | No | 1 | 0 | 0 | 0 | No | 49 | 0 | 0 | 0 | 10.7 | 1.85 | 101 | 1267.55 |
| 38-P/TD | No | 0 | 0 | 0 | 0 | No | 5 | 0 | 800 | 0 | 8.8 | 1.85 | 49 | 521.85 |
| 38A-P | Yes | 1640 | 0 | 0 | 1021 | No | 69 | 0 | 42 | 0 | 8.8 | 1.85 | 55 | 585.25 |
| 38A-N | Yes | 21 | 0 | 0 | 113 | No | 342 | 0 | 22 | 0 | -10 | 1.85 | 90 | 1056.5 |
| 38A-5 | Yes | 1102 | 0 | 0 | 206 | No | 12 | 0 | 750 | 42 | 10.9 | 1.85 | 84 | 1071 |
| 38A-55 | Yes | 22 | 0 | 2000 | 13771 | Yes | 10 | 0 | 5047 | 22 | 11.2 | 1.85 | 24 | 313.2 |
| 38A-105 | Yes | 0 | 0 | 0 | 0 | No | 0 | 0 | 0 | 1 | 11.2 | 1.85 | 10 | 130.5 |
| 38B-5 | No | 139 | 0 | 0 | 92 | No | 408 | 0 | 401 | 0 | 14.8 | 1.85 | 0 | 0 |
| 38B-55 | Yes | 3 | 0 | 0 | 245 | No | 2 | 0 | 68 | 401 | 15.8 | 1.85 | 4 | 70.6 |
| 38B-10 | No | 3 | 0 | 0 | 1 | No | 5 | 0 | 0 | 0 | 14.8 | 1.85 | 8 | 133.2 |
| 38B-105 | No | 10 | 0 | 0 | 401 | Yes | 3 | 0 | 0 | 1 | 15.8 | 1.85 | 13 | 229.45 |
| 38B-75 | Yes | 250 | 0 | 0 | 68 | No | 320 | 0 | 0 | 15 | 24.5 | 1.85 | 570 | 15079.5 |
| 38B-T10 | No | 0 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 24.5 | 1.85 | 0 | 0 |
| 38B-105/A | No | 3 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 15.8 | 1.85 | 2 | 35.3 |
| 38B-105/AI | No | 3 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 15.8 | 1.85 | 3 | 52.55 |
| 38B-106/PN | No | 2 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 15.8 | 1.85 | 3 | 52.55 |
| 38B-105/RI | No | 3 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 15.8 | 1.85 | 3 | 35.3 |
| 38B-105/SI | No | 3 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 15.8 | 1.85 | 2 | 53.95 |
| 38C-55 | No | 0 | 0 | 0 | 0 | No | 2 | 0 | 0 | 0 | 22.6 | 1.85 | 1 | 48.9 |
| 38C4-105 | No | 0 | 0 | 0 | 0 | No | 1 | 0 | 0 | 0 | 22.6 | 1.85 | 0 | 24.45 |
| 38C-75 | No | 1 | 0 | 0 | 0 | No | 0 | 0 | 0 | 1 | 26.6 | 1.85 | 0 | 28.45 |
| 38C-T10 | No | 0 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | 26.6 | 1.85 | 0 | 0 |
| 38TSD-S55R | Yes | 78 | 0 | 0 | 65 | No | 0 | 0 | 0 | 0 | 62 | 1.85 | 76 | 4980.3 |
| 38TSD-SS0 | No | 99 | 0 | 0 | 2 | No | 0 | 0 | 0 | 0 | 65 | 1.85 | 99 | 6618.15 |
| 38TSD-H | No | 77 | 0 | 0 | 66 | No | 0 | 0 | 0 | 0 | | 1.85 | 77 | 142.45 |
| 38TSD-HD | No | 95 | 0 | 0 | 2 | No | 0 | 0 | 0 | 0 | 22.5 | 1.85 | 99 | 183.15 |
| 38TSD-S5K | No | 0 | 0 | 0 | 0 | No | 0 | 0 | 0 | 0 | | 1.85 | 0 | 0 |
| 38TSD-S5X3 | No | 20 | 0 | 0 | 1 | No | 90 | 0 | 0 | 0 | 26.6 | 1.85 | 20 | 37 |
| 4IT-0 | No | 16 | 0 | 0 | 2 | No | 0 | 0 | 0 | 4 | 16 | 1.85 | 106 | 3015.7 |
| 43T-0-V(R) | No | 8 | 0 | 0 | 1 | No | 0 | 0 | 0 | 3 | | 1.85 | 8 | 142.8 |
| 4IT-4 | No | 12 | 0 | 0 | 1 | No | 0 | 0 | 0 | 3 | 10 | 1.85 | 12 | 142.2 |
| 4IT-5 | No | 6 | 0 | 0 | 1 | No | 101 | 0 | 0 | 1 | 8 | 1.85 | 107 | 1053.935 |
| 4IT-5+ | No | 28 | 0 | 0 | 229 | No | 240 | 0 | 0 | 2 | 9 | 1.85 | 268 | 2907.8 |
| 4IT-5+(15) | No | 11 | 0 | 0 | 1 | No | 2 | 0 | 0 | 2 | 15 | 1.85 | 13 | 219.05 |
| 4IT-J3 | No | 20 | 0 | 0 | 82 | No | 255 | 0 | 0 | 1 | 7.8 | 1.85 | 275 | 2653.75 |
| 4IT-T | No | 0 | 0 | 0 | 1 | No | 0 | 0 | 0 | 1 | 14 | 1.85 | 0 | 0 |
| 4IT-T- | No | 4 | 0 | 0 | 1 | No | 0 | 0 | 0 | 1 | 15 | 1.85 | 4 | 67.4 |
| 47C-105V | No | 0 | 0 | 0 | 1 | No | 3 | 0 | 0 | 1 | 15 | 1.85 | 3 | 59.55 |
| 47C-T10V | No | 0 | 0 | 0 | 0 | No | 1 | 0 | 0 | 0 | 30 | 1.85 | 1 | 31.85 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4IT-O Conv Yes | 0 | 0 | 0 | 0 No | 2 | 0 | 0 | 0 | 20 | 1.85 | 2 | 43.7 |
| 4IT-4 Conv Yes | 0 | 0 | 0 | 0 No | 1 | 0 | 0 | 0 | 20 | 1.85 | 1 | 21.85 |
| Handheld Yes | 6 | 0 | 0 | 1 No | 0 | 0 | 0 | 0 | 30 | 1.85 | 6 | 193.11 |
| Master No | 4 | 0 | 0 | 0 No | 0 | 0 | 0 | 0 | 50 | 1.85 | 4 | 207.4 |
| 88CA0801 No | 0 | 0 | 0 | 0 No | 90 | 0 | 0 | 1 | 15.8 | 1.85 | 90 | 1588.5 |
| 88CR0901 No | 0 | 0 | 0 | 0 No | 91 | 0 | 0 | 0 | 15.8 | 1.85 | 91 | 1606.15 |
| E2PSM No | 0 | 0 | 0 | 0 No | 0 | 0 | 0 | 0 | 10.5 | 1.85 | 0 | 0 |
| E2SSM No | 0 | 0 | 500 | 25910 No | 0 | 1000 | 510 | 0 | 11.2 | 1.85 | 0 | 0 |
| E2U25M No | 0 | 0 | 4000 | 0 No | 0 | 0 | 0 | 0 | 11.2 | 1.85 | 0 | 0 |
| E2IIFM No | 0 | 0 | 550 | 337 No | 0 | 0 | 0 | 0 | 24.5 | 1.85 | 0 | 0 |
| E2TimEve No | 0 | 0 | 0 | 306 No | 0 | 0 | 0 | 0 | 8 | 1.85 | 0 | 0 |

Total Inventory                                        267457.55